**LEWIS BRISBOIS BISGAARD & SMITH LLP**
THOMAS G. OESTERREICH, SB# 126131
 E-Mail: Thomas.Oesterreich@lewisbrisbois.com
ALALEH T. KHOSROWPOUR, SB# 246538
 E-Mail: Alaleh.Khosrowpour@lewisbrisbois.com
GEOFFREY M. HERSCH, SB# 310241
 E-Mail: Geoffrey.Hersch@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendants MICHELLE
ANNE BHOLAT, and THE REGENTS
OF THE UNIVERSITY OF
CALIFORNIA erroneously named as UC
Regents and UCLA School of Medicine
Family Medicine International Medical
Graduate Program

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNA RHEE,<br><br>            Plaintiff,<br><br>    vs.<br><br>MICHELLE ANNE BHOLAT, UCLA SCHOOL OF MEDICINE FAMILY MEDICINE INTERNATIONAL MEDICAL GRADUATE PROGRAM, UC REGENTS.<br><br>            Defendants. | CASE NO. SACV18-00975PA(JC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION PURSUANT TO RULES 12(b)(1), 12(b)(5), AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE; DECLARATIONS OF ALALEH T. KHOSROWPOUR, JESSICA RODGERS, ERICA KATSUYAMA, AND GEOFFREY M. HERSCH**<br><br>Date:       October 15, 2018<br>Time:       1:30 p.m.<br>Judge:      Hon. Percy Anderson<br><br>Trial Date:   None Set<br>Filed:        June 4, 2018 |

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-9666-4687.1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................... 6

II.   STATEMENT OF RELIEF ..................................................................... 6

III.  STATEMENT OF FACTS ....................................................................... 6

     A.    Investigation and Accusation with the Medical Board of California ............................................................................................. 6

     B.    Plaintiff's Earlier Complaint in the Eastern District Court. .................. 8

     C.    Plaintiff's Complaint and Insufficient Service of Process ..................... 9

IV.  LEGAL STANDARD ............................................................................. 10

V.   ARGUMENT ......................................................................................... 11

     A.    Plaintiff Cannot Demonstrate the Court has Subject Matter Jurisdiction over this Action because The Regents and Dr. Bholat are Immune from Suit. ................................................................. 11

     B.    The Court Should Abstain from Exercising Jurisdiction Pursuant to *Younger v. Harris* because the State License Proceedings Implicate Important State Interests, the State Proceedings are Ongoing, and Plaintiff may Address any Federal Claims in the State Proceedings. ................................................................................. 13

     C.    The Court may Dismiss or Stay the Action Pursuant to *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.* because Plaintiff Filed the Original Complaint Against Substantially the Same Parties Based on Substantially Similar Facts and Plaintiff's Second Complaint Represents Her Attempt to Forum Shop. ........................... 16

     D.    Plaintiff's Complaint Should be Dismissed because Service of Process of the Summons and Complaint on Dr. Bholat and The Regents was Insufficient. ................................................................. 18

     E.    Plaintiff's Complaint Fails to State a Claim Upon Upon which Relief Can be Granted because The Regents and Dr. Bholat are Immune from Suit and Plaintiff does not Allege Sufficient Facts to Demonstrate a Claim Under 42 U.S.C. §1983 ...................................... 19

VI.  CONCLUSION ...................................................................................... 21

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

1

# **TABLE OF AUTHORITIES**

2

## Federal Court Cases

3

4
*Albright v. Oliver*
    (1994) 510 U.S. 266 .......................................................................................20

5
*Alltrade, Inc. v. Uniweld Prods.*
    (1991) 946 F.2d 622 ......................................................................................16

6

7
*Bell Atlantic Corp. v. Twombly*
    (2007) 550 U.S. 544 ......................................................................................11

8
*Brooks v. Sulphur Springs Valley Electric Coop.*
    (9th Cir. 1991) 951 F.2d 1050......................................................................12

9

10
*Chavez v. Dole Food Co.*
    (3rd Cir. 2016) 836 F.3d 205........................................................................17

11
*Church of Scientology v. United States Dep't of the Army*
    (1979) 611 F.2d 738 ......................................................................................16

12

13
*Haw. Hous. Auth. v. Midkiff*
    (1984) 467 U.S. 229 ......................................................................................15

14
*Hensley Mfg. v. ProPride, Inc.*
    (6th Cir. 2009) 579 F.3d 603........................................................................11

15

16
*Hilton v. Apple, Inc.*
    (2013) 2013 U.S. Dist. LEXIS 142354 ........................................................16

17
*In re American Apparel, Inc. Shareholder Litigation*
    (C.D. Cal. 2013) 2013 U.S. Dist. LEXIS 6977 ............................................11

18

19
*Kenneally v. Lungren*
    (1992) 967 F.2d 329 ................................................................................14, 15

20
*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*
    (1952) 342 U.S. 180 .........................................................................6, 11, 16, 21

21

22
*Kokkonen v. Guardian Life Ins. Co. of Am.*
    (1994) 511 U.S. 375 ..........................................................................10, 12, 20

23
*Leer v. Murphy*
    (1988) 844 F.2d 628 ......................................................................................21

24

25
*Middlesex County Ethics Committee v. Garden State Bar Association*
    (1982) 457 U.S. 423 ......................................................................................14

26
*Mishler v. Clift*
    (9th Cir. 1999) 191 F.3d 1003.................................................................13, 20

27

3

28
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Pennhurst State Sch. & Hosp. v. Halderman*
    (1984) 465 U.S. 89 ................................................................ 12

*Safe Air For Everyone v. Meyer*
    (9th Cir. 2004) 373 F.3d 1035 .................................... 10, 11

*Shroyer v. New Cingular Wireless Srvcs., Inc.*
    (9th Cir. 2010) 622 F.3d 1035 ........................................ 11

*Thornton v. City of St. Helens*
    (2005) 425 F.3d 1158 ...................................................... 20

*Ward v. Follett Corp.*
    (1994) 158 F.R.D. 645 ...................................................... 16

*Weisbuch v. County of Los Angeles*
    (9th Cir. 1997) 119 F.3d 778 .......................................... 11

*Westlands v. NRDC*
    (E.D. Cal. 2003) 276 F. Supp. 2d 1046 ........................ 10

*Will v. Mich. Dep't of State Police*
    (1989) 491 U.S. 58 ............................................................ 12

*Yoonessi v. Albany Medical Ctr.*
    (C.D. Cal. 2005) 352 F. Supp. 2d 1096 ........................ 13

*Younger v. Harris*
    (1971) 401 U.S. 37 .................................................... passim

## State Court Cases

*Arnett v. Dal Cielo*
    (1996) 14 Cal.4th 4 .......................................................... 14

*In re Estate of Royer*
    (1899) 123 Cal. 614 .............................................. 12, 13, 16, 19

## Federal Statutory Authorities

42 U.S.C. 1983 ........................................................................ passim

## Statutory Authorities

Bus. & Prof. Code § 805 .......................................................... 7

Code Civ. Proc. § 415.30. ........................................................ 19

Code Civ. Proc. § 416.50(a) .................................................... 18

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-9666-4687.1

Code Civ. Proc. § 1094.5 ................................................................................ 15

Gov. Code § 3202(b) ...................................................................................... 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

4841-9666-4687.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Defendants, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("The Regents"), and MICHELLE ANNE BHOLAT ("Dr. Bholat"), bring this motion on the grounds that Plaintiff HANNA RHEE ("Plaintiff") has not and cannot demonstrate the Court has subject matter jurisdiction to hear this matter. Further, it would be appropriate for this Court to abstain from exercising jurisdiction pursuant to *Younger v. Harris* (1971) 401 U.S. 37 and *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.* (1952) 342 U.S. 180.  Moreover, procedurally, Plaintiff has not sufficiently served Dr. Bholat or The Regents, which independently supports dismissal of this action. Finally, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging The Regents and Dr. Bholat violated her right to work by filing an Accusation with the Medical Board of California. (See Dkt. No. 1, "Complaint" at p. 4–5).

### II.      STATEMENT OF RELIEF

The Regents and Dr. Bholat respectfully request the Court dismiss this action. If, for whatever reason, the Court is not inclined to dismiss the action, Dr. Bholat and The Regents request it be stayed until the state administrative proceedings are concluded and Plaintiff has sought judicial review, if at all, in state court, and the action in the United States District Court for the Eastern District of California has concluded.

### III.      STATEMENT OF FACTS

#### A.      Investigation and Accusation with the Medical Board of California.

Plaintiff obtained a certificate (No A116932) to practice medicine from the Medical Board of California ("MBOC") on or about May 11, 2011. (See Request for Judicial Notice at Exhibit 1). In or around March 2015, Plaintiff started working at

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-9666-4687.1

1   the Orchard Hospital Medical Specialty Center ("Orchard Hospital") in Gridley,

2   California. (See Request for Judicial Notice at Exhibit 2, ¶ 2; see also Request for

3   Judicial Notice at Exhibit 3 p. 6).

4          In May 2015, Orchard Hospital entered into a three-year employment

5   agreement with Plaintiff. (See Request for Judicial Notice at Exhibit 2, ¶ 10; see

6   also Request for Judicial Notice at Exhibit 3, p. 10).  Sometime between May 2015

7   and September 2015, Orchard Hospital initiated an investigation of Plaintiff after

8   receiving a number of complaints from patients and other staff members. (See

9   Request for Judicial Notice at Exhibit 2, ¶ 11; see also Request for Judicial Notice at

10  Exhibit 3, p. 9). On September 17, 2015, Plaintiff resigned her privileges at Orchard

11  Hospital while the investigation was still ongoing. (See Request for Judicial Notice

12  at Exhibit 2, ¶ 11; see also Request for Judicial Notice at Exhibit 3, p. 9). On

13  November 16, 2015, Orchard Hospital filed a mandatory report pursuant to

14  California Business & Professions Code section 805 notifying MBOC of Plaintiff's

15  resignation during a pending investigation.  (See Request for Judicial Notice at

16  Exhibit 2, ¶ 11; see also Request for Judicial Notice at Exhibit 3, p. 9).

17         In January 2017, MBOC investigators interviewed Plaintiff in connection

18  with the report by Orchard Hospital. (See Request for Judicial Notice at Exhibit 2,

19  ¶¶ 13–14; see also Request for Judicial Notice at Exhibit 3, p. 10). On or about July

20  18, 2017, Dr. Bholat, an MBOC member, signed an order requiring Plaintiff to

21  undergo a psychiatric evaluation based on the declaration of Reinhardt Hilzinger,

22  M.D. HQUI, an MBOC consultant. (See Request for Judicial Notice at Exhibit 2, ¶

23  18; see also Request for Judicial Notice at Exhibit 3, p. 10). In August 2017,

24  Plaintiff submitted to a psychiatric examination by Nathan Lavid, M.D. (See

25  Request for Judicial Notice at Exhibit 2, ¶ 18; see also Request for Judicial Notice at

26  Exhibit 3, p. 10). On January 9, 2018, MBOC posted an Accusation (Case No. 800-

27  2015-018187) on their website and Plaintiff received notice of the accusation on

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-9666-4687.1

1  January 11, 2018. (See Complaint at p. 4–5; see also Request for Judicial Notice at

2  Exhibit 2; Request for Judicial Notice at Exhibit 3, p. 11). The Accusation is

3  currently pending and Plaintiff's license has not been revoked. (See Request for

4  Judicial Notice, at Exhibit 1).

5  **B.    Plaintiff's Earlier Complaint in the Eastern District Court.**

6  On January 17, 2018, Plaintiff filed a Complaint (Docket No. 2018CV-00105-

7  GEB-CMK) in the U.S. District Court for the Eastern District of California against

8  MBOC, Dr. Bholat, and Orchard Hospital, amongst others. (See Complaint at p. 4–

9  5; see also Request for Judicial Notice at Exhibit 3). Plaintiff's Complaint in the

10  Eastern District asserts several claims under 42 U.S.C. § 1983 for depriving her of

11  equal protection, violating her right to privacy, violating her right to freedom of

12  speech, press, and to peaceably assemble, and violating her right to work. (See

13  Complaint at p. 4–5; see also Request for Judicial Notice at Exhibit 3, pp. 12–15).

14  On March 5, 2018, Plaintiff filed a Motion for Change of Venue to transfer the

15  matter to the United States District Court for the Central District of California. (See

16  Request for Judicial Notice at Exhibit 4).

17  On April 6, 2018, MBOC filed a Motion to Dismiss or Stay the Action

18  arguing, in relevant part, that Younger abstention applies as the state license

19  proceedings are still pending, MBOC and those acting on its behalf are immune

20  from suit under the Eleventh Amendment, and Plaintiff's Complaint fails to state a

21  claim upon which relief may be granted. (See Request for Judicial Notice at Exhibit

22  5).

23  On July 12, 2018, United States Magistrate Judge Craig Kellison ("Judge

24  Kellison") issued findings and recommendations on the Motion to Dismiss the

25  Eastern District Action. (See Request for Judicial Notice at Exhibit 7). Specifically,

26  Judge Kellison recommended the Court grant the Motion based on *Younger*

27  abstention and the immunity under the Eleventh Amendment. (See Request for

28

8

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-9666-4687.1

1   Judicial Notice at Exhibit 7). The same day, Judge Kellison denied Plaintiff's

2   Motion for Change of Venue to the United States District Court for the Central

3   District of California finding Plaintiff's contention that Los Angeles is more diverse

4   culturally, economically, and religiously diverse insufficient. (See Request for

5   Judicial Notice at Exhibit 8).

6         C.    **Plaintiff's Complaint and Insufficient Service of Process.**

7        On June 4, 2018, Plaintiff filed the present action against The Regents and Dr.

8   Bholat. (See Complaint). Plaintiff's complaint seeks an arbitrary sum of

9   $40,000,000 be paid to several nonprofit entities that otherwise are unrelated to this

10  action.  (See Complaint at p. 7). On July 18, 2018, counsel for The Regents and Dr.

11  Bholat contacted Plaintiff to discuss the Complaint and advised Plaintiff they do not

12  have authority to accept service on behalf of Dr. Bholat or The Regents. (See

13  Declaration of Alaleh T. Khosrowpour at ¶¶ 2–3).

14       On or about August 17, 2018, Plaintiff attempted to serve the Summons and

15  Complaint at the office of counsel for Dr. Bholat and The Regents. (See Declaration

16  of Jessica Rodgers ¶ 2). At that time, Plaintiff's process server was advised that

17  counsel for Dr. Bholat and The Regents did not have authority to accept service and

18  that Plaintiff would need to properly serve the Summons and Complaint. (See

19  Declaration of Jessica Rodgers at ¶ 2).

20       Around that same time, Plaintiff apparently mailed Dr. Bholat and The

21  Regents a Notice & Acknowledgement of Receipt at 1111 Franklin Street, 8th Floor,

22  Oakland, CA 94607-5200. (See Dkt. Nos. 6–8, "Proof of Service"). On August 20,

23  2017, Plaintiff filed a proof of service as to Dr. Bholat and The Regents based on the

24  Notice & Acknowledgement of Receipt of the Summons and Complaint. (See Proof

25  of Service).

26       Plaintiff ignores the fact that Dr. Bholat and The Regents did not return

27  executed copies nor were any attached to Plaintiff's proof of service as to Dr. Bholat

9

28     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

4841-9666-4687.1

1  or The Regents. (See Proof of Service; see also Khosrowpour Decl. at ¶ 4). On

2  August 24, 2017, Plaintiff again attempted to serve the Summons and Complaint at

3  the office of counsel for Dr. Bholat and The Regents by sending a courier to deliver

4  copies of the Summons and Complaint. (See Declaration of Erica Katsuyama at ¶ 2).

5  Counsel for Dr. Bholat and The Regents advised Plaintiff's courier they could not

6  accept service of the Summons and Complaint on behalf of Dr. Bholat or The

7  Regents. (See Katsuyama Decl. at ¶ 2). On or about August 28, 2018, counsel for

8  Dr. Bholat and The Regents learned Plaintiff filed proof of service. (See Declaration

9  of Geoffrey M. Hersch at ¶ 2). Counsel for Dr. Bholat and The Regents contacted

10  Plaintiff to meet and confer regarding deficiencies in the Complaint and her

11  insufficient attempts to serve Dr. Bholat and the Regents. (See Hersch Decl. at ¶ 2).

12  On August 29, 2018, counsel for Dr. Bholat and The Regents sent correspondence to

13  Plaintiff in a further effort to meet and confer regarding deficiencies in the

14  Complaint. (See Hersch Decl. at ¶ 6, "Meet and Confer" at Exhibit 1).

15  ## IV.   LEGAL STANDARD

16  A defendant may assert defenses based on lack of subject-matter jurisdiction.

17  (USCS Fed Rules Civ Proc R 12(b)(1)). A complaint must include a "short and plain

18  statement of the grounds for the court's jurisdiction." (USCS Fed. Rules Civ. Proc.

19  R. 8(a)(1)). "Federal courts are courts of limited jurisdiction. They possess only that

20  power authorized by Constitution and statute… which is not to be expanded by

21  judicial decree…." (*Kokkonen v. Guardian Life Ins. Co. of Am.* (1994) 511 U.S.

22  375, 377). A defendant may attack subject-matter jurisdiction based solely on the

23  jurisdictional allegations contained in the complaint or the Court's subject matter

24  jurisdiction based on extrinsic facts without converting the motion into a motion for

25  summary judgment. (*Westlands v. NRDC* (E.D. Cal. 2003) 276 F. Supp. 2d 1046,

26  1049; *Safe Air For Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1035, 1039). In

27  evaluating a factual attack on subject-matter jurisdiction, the Court is not required to

28

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-9666-4687.1

1   presume the truthfulness of the jurisdictional allegations in the Complaint. (*Safe Air*

2   *For Everyone* (9th Cir. 2004) 373 F.3d at 1039).

3         Further, Federal Courts may dismiss a case based on pending state

4   proceedings. (*Younger v. Harris* (1971) 401 U.S. 37). Similarly, a Federal Court

5   may refrain from exercising jurisdiction where a complaint was filed in a separate

6   court involving similar parties and issues. (*Kerotest Mfg. Co. v. C-O-Two Fire*

7   *Equipment Co.* (1952) 342 U.S. 180, 183–84).

8         A motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6)

9   tests the legal sufficiency of the claims asserted in the complaint. Dismissal is

10  proper when the complaint either fails to allege a cognizable legal theory or fails to

11  allege sufficient facts to support a cognizable legal theory. (See S*hroyer v. New*

12  *Cingular Wireless Srvcs., Inc.* (9th Cir. 2010) 622 F.3d 1035, 1041). Moreover, a

13  Rule 12(b)(6) motion is appropriate where the complaint states allegations

14  disclosing some absolute defense or bar to recovery. (See *Weisbuch v. County of Los*

15  *Angeles* (9th Cir. 1997) 119 F.3d 778, 783, n.1; *Hensley Mfg. v. ProPride, Inc.* (6th

16  Cir. 2009) 579 F.3d 603, 613).

17        To survive a motion to dismiss, a complaint must contain sufficient factual

18  matter to "state a claim to relief that is plausible on its face." (*Bell Atlantic Corp. v.*

19  *Twombly* (2007) 550 U.S. 544, 570). "A claim has facial plausibility when the

20  plaintiff pleads factual content that allows the court to draw the reasonable inference

21  that the defendant is liable for the misconduct alleged." (*In re American Apparel,*

22  *Inc. Shareholder Litigation* (C.D. Cal. 2013) 2013 U.S. Dist. LEXIS 6977, *32).

23  **V.**    **ARGUMENT**

24      **A.**    **Plaintiff Cannot Demonstrate the Court has Subject Matter**

25           **Jurisdiction over this Action because The Regents and Dr. Bholat**

26           **are Immune from Suit.**

27        "It is to be presumed that a cause lies outside [a federal court's] limited

11

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   jurisdiction… and the burden of establishing the contrary rests upon the party

2   asserting jurisdiction…." (*Kokkonen* (1994) 511 U.S. at 377). "The Judicial power

3   of the United States shall not be construed to extend to any suit in law or equity,

4   commenced or prosecuted against one of the United States by Citizens of another

5   State, or by Citizens or Subjects of any Foreign State." (USCS Const. Amend. 11;

6   *Brooks v. Sulphur Springs Valley Electric Coop.* (9th Cir. 1991) 951 F.2d 1050,

7   1053 ("Though its language might suggest otherwise, the Eleventh Amendment has

8   long been construed to extend to suits brought against a state by its own citizens, as

9   well as by citizens of other states.")). "Section 1983 provides a federal forum to

10  remedy many deprivations of civil liberties, but it does not provide a federal forum

11  for litigants who seek a remedy against a State for alleged deprivations of civil

12  liberties." (*Will v. Mich. Dep't of State Police* (1989) 491 U.S. 58, 66).

13          The Regents is immune from suit because the Eleventh Amendment prohibits

14  federal Courts from hearing suits against a state brought by one of its citizens which

15  extends to agencies or departments of the state, and immunity was not waived by 42

16  U.S.C. § 1983. "It is clear, of course, that in the absence of consent a suit in which

17  the State or one of its agencies or departments is named as the defendant is

18  proscribed by the Eleventh Amendment." (*Pennhurst State Sch. & Hosp. v.*

19  *Halderman* (1984) 465 U.S. 89, 100; Cal Const. Art. IX § 9(a) (The University of

20  California is a public trust administered by "The Regents of the University of

21  California."); Cal. Gov. Code § 3202(b) [emphasis added] (defining the University

22  of California as a *state agency*); *In re Estate of Royer* (1899) 123 Cal. 614, 620

23  ("recognizing that the University of California "may be unique, but it is nevertheless

24  an instrumentality of the state created by the legislature acting within its just

25  powers.")). Plaintiff alleges The Regents—whom Plaintiff erroneously names as UC

26  Regents and the Family Medicine IMG Program at UCLA School of Medicine—

27  violated section 42 U.S.C. § 1983. (See Complaint at p. 2–3 and 6). Plaintiff cannot

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

4841-9666-4687.1

1    demonstrate this Court has subject matter jurisdiction to hear this case because The

2    Regents is an agency of the State of California which is immune from suit in federal

3    Court under the Eleventh Amendment and that immunity was not waived by 42

4    U.S.C. § 1983.

5          Similarly, Dr. Bholat is immune from suit in federal court because Eleventh

6    Amendment immunity extends to an individual's acts in their official capacity and

7    Dr. Bholat is entitled to absolute immunity in connection with the state license

8    proceedings. "[A] suit against a state official in his or her official capacity is not a

9    suit against the official but rather is a suit against the official's office." (*Will* (1989)

10   491 U.S. at 70–71). "[S]tate medical boards and their officers enjoy absolute

11   immunity for the non-ministerial acts that they commit in performing their duties."

12   (*Yoonessi v. Albany Medical Ctr.* (C.D. Cal. 2005) 352 F. Supp. 2d 1096, 1100

13   *citing Mishler v. Clift* (9th Cir. 1999) 191 F.3d 1003, 1008 (finding a state medical

14   board member's "act of signing the disciplinary complaint under penalty of perjury

15   is entitled to absolute immunity."). Plaintiff claims Dr. Bholat violated section 42

16   U.S.C. § 1983 while acting in her official as a member of MBOC and individual

17   capacity. (See Complaint at p. 2–3 and 6). Significantly, the only allegations

18   regarding Dr. Bholat relate to her actions as a member of MBOC in signing the

19   order requiring Plaintiff to undergo a psychiatric evaluation. (See Complaint at p. 2,

20   4, and 6). Consequently, Plaintiff cannot demonstrate subject-matter jurisdiction

21   because Dr. Bholat is entitled to immunity as a member of MBOC.

22   **B.    The Court Should Abstain from Exercising Jurisdiction Pursuant**

23   **      to *Younger v. Harris* because the State License Proceedings**

24   **      Implicate Important State Interests, the State Proceedings are**

25   **      Ongoing, and Plaintiff may Address any Federal Claims in the**

26   **      State Proceedings.**

27        "Since the beginning of this country's history Congress has, subject to few

13

28   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
     OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
     UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-9666-4687.1

1  exceptions, manifested a desire to permit state courts to try state cases free from
2  interference by federal courts." (*Younger v. Harris* (1971) 401 U.S. 37, 43). Federal
3  courts examine three factors to determine whether to abstain from interfering in state
4  proceedings:

> (1) the nature of the state proceedings in order to determine whether
> the proceedings implicate important state interests, (2) the timing of
> the request for federal relief in order to determine whether there are
> ongoing state proceedings, and (3) the ability of the federal plaintiff to
> litigate its federal constitutional claims in the state proceedings.

8  (*Kenneally v. Lungren* (1992) 967 F.2d 329, 331 *citing Younger v. Harris* (1971)
9  401 U.S. 37 *and  Middlesex County Ethics Committee v. Garden State Bar*
10  *Association* (1982) 457 U.S. 423, 432 (The Court evaluated application of *Younger*
11  abstention to state bar disciplinary proceedings finding "[t]he policies underlying
12  Younger are fully applicable to noncriminal judicial proceedings when important
13  state interests are involved.")).

14      First, abstention is warranted because state medical board proceedings
15  implicate important state interests. "Since the earliest days of regulation the Board
16  has been charged with the duty to protect the public against incompetent, impaired,
17  or negligent physicians, and, to that end, has been vested with the power to revoke
18  medical licenses on grounds of unprofessional conduct…." (*Arnett v. Dal Cielo*
19  (1996) 14 Cal.4th 4, 7; Cal Bus & Prof Code § 2001.1 ("Protection of the public
20  shall be the highest priority for the Medical Board of California in exercising its
21  licensing, regulatory, and disciplinary functions."); Cal Bus & Prof Code § 2004
22  (stating responsibilities of the medical board in connection with disciplinary
23  proceedings)). Plaintiff alleges The Regents and Dr. Bholat violated section 42
24  U.S.C. § 1983 due to the Accusation that was filed with MBOC and her psychiatric
25  evaluation in connection with the ongoing state license revocation proceedings. (See
26  Complaint at p. 4). The state license revocation proceedings implicate important
27  state interests because the Board has long been charged with the duty to protect the

28

14

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   public and has been vested with the power to revoke licenses to that end. Indeed,

2   California statutorily recognizes protection of the public as the highest priority of

3   the medical board.

4       Second, the Court should abstain from exercising jurisdiction because the

5   state license proceedings are ongoing. "*Younger* abstention is required… only when

6   state court proceedings are initiated 'before any proceedings of substance on the

7   merits have taken place in the federal court.'" (*Haw. Hous. Auth. v. Midkiff* (1984)

8   467 U.S. 229, 238 [internal citation omitted]). The underlying Accusation was filed

9   on January 9, 2018. Plaintiff filed the Complaint on June 4, 2018. (See Complaint;

10  see also Request for Judicial Notice at Exhibit 2). MBOC's public records

11  demonstrate the state administrative proceedings related to Plaintiff's medical

12  license are ongoing. (See Request for Judicial Notice at Exhibit 1). As a result,

13  abstention is warranted because the state license proceedings were initiated several

14  months before this action and have not concluded.

15      Third, abstention applies because Plaintiff may adequately pursue her claims

16  in state proceedings. In *Kenneally v. Lungren*, a licensed physician in California

17  appealed a District Court ruling pursuant to *Younger* dismissing his Complaint to

18  enjoin MBOC administrative proceedings on the grounds that the administrative

19  proceedings did not permit him to adequately present his constitutional claims that

20  the proceedings violated rights guaranteed to him under the Fourteenth Amendment.

21  (*Kenneally v. Lungren* (1992) 967 F.2d 329, 331). On appeal, the Ninth Circuit

22  Court recognized the administrative board could receive evidence in light of his

23  constitutional challenges or seek review in state court, holding "even if a federal

24  plaintiff cannot raise his constitutional claims in state administrative proceedings

25  that implicate important state interests, his ability to raise the claims via state

26  judicial review of the administrative proceedings suffices." (*Kenneally v. Lungren*

27  (1992) 967 F.2d 329, 332–33 *citing* Code Civ. Proc. § 1094.5). Similarly, Plaintiff

28

15

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-9666-4687.1

1  claims The Regents and Dr. Bholat violated section 42 U.S.C. § 1983 in connection

2  with the state license proceedings. (See Complaint at p. 4 and 6). As a result, the

3  Court should abstain from exercising jurisdiction because the state proceedings

4  permit Plaintiff to address her claims and, even if Plaintiff could not, she may seek

5  review in state court.

6      **C.**    **The Court may Dismiss or Stay the Action Pursuant to *Kerotest***

7          ***Mfg. Co. v. C-O-Two Fire Equipment Co.* because Plaintiff Filed the**

8          **Original Complaint Against Substantially the Same Parties Based**

9          **on Substantially Similar Facts and Plaintiff's Second Complaint**

10          **Represents Her Attempt to Forum Shop.**

11      "The first-to-file rule was developed to 'serve[] the purpose of promoting

12  efficiency well and should not be disregarded lightly.'" (*Alltrade, Inc. v. Uniweld*

13  *Prods.* (1991) 946 F.2d 622, 625 *citing Church of Scientology v. United States Dep't*

14  *of the Army* (1979) 611 F.2d 738, 750).

15      Wise judicial administration, giving regard to conservation of judicial

16      resources and comprehensive disposition of litigation, does not counsel
    rigid mechanical solution of such problems. The factors relevant to

17      wise administration here are equitable in nature. Necessarily, an ample
    degree of discretion, appropriate for disciplined and experienced

18      judges, must be left to the lower courts.

19  (*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.* (1952) 342 U.S. 180, 183–84).

20  In determining whether to apply the first-to-file rule, the Court must consider three

21  threshold factors: "(1) the chronology of the two actions; (2) the similarity of the

22  parties; and (3) the similarity of the issues." (*Ward v. Follett Corp.* (1994) 158

23  F.R.D. 645, 648; *compare Hilton v. Apple, Inc.* (2013) 2013 U.S. Dist. LEXIS

24  142354 at 23 ("The first-to-file rule only requires that the parties between the earlier

25  and later cases be substantially similar.")). The Accusation against Plaintiff was

26  filed on January 9, 2018. (See Request for Judicial Notice at Exhibit 2). Plaintiff

27  filed the first Complaint in the United States District Court for the Eastern District

28      16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-9666-4687.1

1   of California on January 17, 2018 against Dr. Bholat, MBOC, and numerous other

2   defendants. (See Request for Judicial Notice at Exhibit 3). Plaintiff's Complaint

3   asserts several claims under 42 U.S.C. § 1983 for depriving her of equal protection,

4   violating her right to privacy, violating her right to freedom of speech, press, and to

5   peaceably assemble, and violating her right to work. (See Request for Judicial

6   Notice at Exhibit 3, pp. 12–15). As a result, dismissing or staying this action is

7   appropriate because Plaintiff filed the prior Complaint on January 17, 2018 against

8   Dr. Bholat and MBOC based on the same allegations related to the Accusation

9   against her in the state licensing proceedings.

10          Further, it would be appropriate for the Court to refrain from exercising

11   jurisdiction because the present Complaint represents Plaintiff's attempt to forum

12   shop.

13          [I]f the duplicative litigation results from the plaintiff's own failure to
       follow the rules, such as by repeatedly failing to timely serve process,
14          a prejudice-based dismissal may be appropriate. Blatant forum
       shopping or gamesmanship by one or both parties may also merit such
15          a result.

16   (*Chavez v. Dole Food Co.* (3rd Cir. 2016) 836 F.3d 205, 221).  On March 5, 2018,

17   Plaintiff filed a Motion for Change of Venue to transfer the matter to the United

18   States District Court for the Central District of California. (See Request for Judicial

19   Notice at Exhibit 4)  On April 6, 2018, MBOC filed a Motion to Dismiss or Stay

20   the Action arguing, in relevant part, that *Younger* abstention applies as the state

21   license proceedings are still pending, MBOC and those acting on its behalf are

22   immune from suit under the Eleventh Amendment, and Plaintiff's Complaint fails to

23   state a claim upon which relief may be granted. (See Request for Judicial Notice at

24   Exhibit 5). Subsequently, Plaintiff filed the present action with this Court shortly

25   before her Motion for Change of Venue was denied and Judge Kellison

26   recommended dismissing the Eastern District Complaint. (See Complaint; see also

27   Request for Judicial Notice at Exhibit  7; Request for Judicial Notice at Exhibit 8).

28

17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-9666-4687.1

1  Dismissal is therefore proper because Plaintiff's Complaint before this Court

2  represents an attempt to forum shop, particularly considering the Complaint was

3  filed against nearly identical parties based on the same underlying allegations

4  shortly before her Motion for Change of Venue to this Court was denied by the

5  Eastern District.

6      **D.**    **<u>Plaintiff's Complaint Should be Dismissed because Service of</u>**

7                **<u>Process of the Summons and Complaint on Dr. Bholat and The</u>**

8                **<u>Regents was Insufficient.</u>**

9        Under Rule 4, a state entity must be served by delivering a copy of the

10  summons and complaint to the chief executive officer or by serving a copy of each

11  in a manner provided by state law. (USCS Fed. Rules Civ. Proc. R. 4(j)). "A

12  summons may be served on a public entity [including The Regents] by delivering a

13  copy of the summons and of the complaint to the clerk, secretary, president,

14  presiding officer, or other head of its governing body." (Cal. Code Civ. Proc. §

15  416.50(a)). In this case, Plaintiff attempted to serve the Summons and Complaint on

16  The Regents by mailing copies requesting Acknowledgement of Receipt and by

17  dropping copies at the office of counsel for The Regents. (See Khosrowpour Decl. at

18  ¶ 4; see also Rodgers Decl. at ¶ 2; Katsuyama Decl. at ¶ 2). Plaintiff was repeatedly

19  advised that counsel for The Regents did not have authority to accept service. (See

20  Khosrowpour Decl. at ¶¶ 2–3; see also Rodgers Decl. at ¶ 2; Katsuyama Decl. at ¶

21  2). As a result, Plaintiff's Complaint should be dismissed because she failed to

22  adequately serve the Summons and Complaint on The Regents under Federal Rule

23  4(j) or California Code of Civil Procedure section 416.50(a).

24        Similarly, an individual may be served by complying with state law for

25  service or by delivering a copy of the Summons and Complaint personally, leaving a

26  copy at the individual's home or abode with a competent individual that resides

27  there, or delivering a copy to an authorized agent. (USCS Fed. Rules Civ. Proc. R.

28

18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4(e)). Plaintiff also attempted to serve Dr. Bholat with the Summons and Complaint by mailing copies requesting Acknowledgement of Receipt and by dropping copies at the office of counsel for Dr. Bholat. (See Khosrowpour Decl. at ¶ 4; see also Rodgers Decl. at ¶ 2; Katsuyama Decl. at ¶ 2). Again, Plaintiff was advised on multiple occasions that counsel for Dr. Bholat did not have authority to accept service. (See Khosrowpour Decl. at ¶¶ 2–3; see also Rodgers Decl. at ¶ 2; Katsuyama Decl. at ¶ 2). Consequently, the Complaint should be dismissed because Plaintiff has failed to demonstrate sufficient service of process on Dr. Bholat.

Despite the deficient service attempts, Plaintiff filed a proof of service as to Dr. Bholat and The Regents on August 20, 2018, indicating the parties acknowledged receipt of the Summons and Complaint pursuant to California Code of Civil Procedure section 415.30. Significantly, the provision established the requirements for Plaintiff to serve by mail provided they obtain Acknowledgement of Receipt. (Cal. Code Civ. Proc. § 415.30). Dr. Bholat and The Regents have not executed the acknowledgment of receipt and none are attached to any proof of service filed by Plaintiff. (See Khosrowpour Decl. at ¶ 4). Nonetheless, Plaintiff filed a proof of service of the Summons and Complaint as to Dr. Bholat and The Regents, without executed copies of a Notice & Acknowledgement of Service. (See Proof of Service). As a result, Plaintiff's Complaint should be dismissed because Dr. Bholat and The Regents have not been sufficiently served.

**E.**   **<u>Plaintiff's Complaint Fails to State a Claim Upon which Relief Can be Granted because The Regents and Dr. Bholat are Immune from Suit and Plaintiff does not Allege Sufficient Facts to Demonstrate a Claim Under 42 U.S.C. §1983.</u>**

"A pleading that states a claim for relief must contain… a short and plain statement of the claim showing that the pleader is entitled to relief…" (USCS Fed. Rules Civ. Proc R. 8(a)(2)). To establish a claim under 42 U.S.C. § 1983, a plaintiff

19

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4841-9666-4687.1

1  must show that "(1) acts by the defendants (2) under color of state law (3) deprived

2  [them] of federal rights, privileges or immunities [and] (4) caused [them] damage."

3  (*Thornton v. City of St. Helens* (2005) 425 F.3d 1158, 1163–64). "Federal courts are

4  courts of limited jurisdiction. They possess only that power authorized by

5  Constitution and statute…." (*Kokkonen* (1994) 511 U.S. at 377). In *Will v. Mich.*

6  *Dep't of State Police*, the Court determined that 42 U.S.C. § 1983 does not subject

7  States or state officials to suits in federal courts because "a State [or state official

8  acting in their official capacity] is not a 'person' within the meaning of § 1983."

9  (*Will* (1989) 491 U.S. at 65–66). Similarly, state medical board members are

10 generally entitled to absolute immunity for actions in performing their duties,

11 including signing disciplinary complaints. (*Yoonessi* (C.D. Cal. 2005) 352 F. Supp.

12 2d at 1100 *citing Mishler* (9th Cir. 1999) 191 F.3d at 1008). Plaintiff alleges The

13 Regents and Dr. Bholat, while acting both in her official and individual capacity,

14 violated 42 U.S.C. § 1983. (See Complaint at p. 2, 4, and 6). Plaintiff's Complaint

15 therefore fails to state a claim upon which relief can be granted because The Regents

16 and Dr. Bholat acting, in her official capacity, are not considered persons subject to

17 suit in federal court under 42 U.S.C. § 1983. Plaintiff's complaint also fails to state a

18 claim upon which relief can be granted because Dr. Bholat is entitled to absolute

19 immunity for actions in performing her duties as a medical board member, including

20 signing an order requiring Plaintiff to undergo a psychiatric evaluation.

21 "Section 1983 is not itself a source of substantive rights, but merely provides

22 a method for vindicating federal rights elsewhere conferred. The first step in any

23 such claim is to identify the specific constitutional right allegedly infringed.

24 (*Albright v. Oliver* (1994) 510 U.S. 266, 271 [internal quotation marks omitted]). In

25 this case, Plaintiff does not allege any facts demonstrating the violation of a

26 particular federal law or constitutional right. (See Complaint). Rather, Plaintiff

27 evidently claims she lost business after an Accusation was filed with MBOC. (See

20

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Complaint). As a result, Plaintiff's Complaint is deficient in that it does not

2   articulate the violation of a particular federal law or constitutional right.

3        Arguably, the allegations in the Complaint could be construed as a claim for

4   violation of the Fourteenth Amendment of the United States Constitution. "A person

5   deprives another 'of a constitutional right, within the meaning of section 1983, if he

6   does an affirmative act, participates in another's affirmative acts, or omits to perform

7   an act which he is legally required to do that *causes* the deprivation of which [the

8   plaintiff complains].' The inquiry into causation must be individualized and focus

9   on the duties and responsibilities of each individual defendant whose acts or

10  omissions are alleged to have caused a constitutional deprivation." (*Leer v. Murphy*

11  (1988) 844 F.2d 628, 633 [citation omitted]). Here, Plaintiff claims she lost business

12  after an Accusation was filed with MBOC, which Dr. Bholat did not initiate. (See

13  Complaint at pp. 4–3; see also Request for Judicial Notice at Exhibit 2). Further,

14  Plaintiff does not allege The Regents was directly involved in filing the Accusation.

15  (See Complaint) As a result, Plaintiff fails to state a claim upon which relief can be

16  granted because she does not state facts demonstrating Dr. Bholat or The Regents

17  caused a constitutional deprivation, particularly considering Dr. Bholat did not

18  initiate the Accusation and The Regents had no involvement in the state licensing

19  proceedings.

20  **VI.   CONCLUSION**

21       Defendants respectfully request this Court grant the Motion to Dismiss with

22  respect to Dr. Bholat and The Regents. Plaintiff's Complaint should be dismissed

23  because, as detailed herein, Plaintiff has not and cannot demonstrate the Court has

24  subject matter jurisdiction to hear this case. Further, it would be appropriate for this

25  Court to abstain from exercising jurisdiction pursuant to *Younger v. Harris* (1971)

26  401 U.S. 37and *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.* (1952) 342 U.S.

27  180.  Moreover, procedurally, Plaintiff has not sufficiently served Dr. Bholat or The

28

21

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Regents, which independently supports dismissal of this action. Finally, Plaintiff's

2    Complaint fails to state a claim upon which relief can be granted.

3          If, for whatever reason, the Court is not inclined to dismiss the action, Dr.

4    Bholat and The Regents request it be stayed until the state administrative

5    proceedings are concluded and Plaintiff has sought judicial review, if at all, in state

6    court, and the action in the United States District Court for the Eastern District of

7    California has concluded.

8

9    DATED: September 7, 2018          Respectfully submitted,

10                                      LEWIS BRISBOIS BISGAARD & SMITH LLP

11

12

13                                      By:      */s/ Alaleh T. Khosrowpour*

14                                           Thomas G. Oesterreich
                                             Alaleh T. Khosrowpour
15                                           Geoffrey M. Hersch
                                             Attorneys for MICHELLE ANNE
16                                           BHOLAT, and THE REGENTS OF THE
                                             UNIVERSITY OF CALIFORNIA
17                                           erroneously named as UC Regents and
                                             UCLA School of Medicine Family
18                                           Medicine International Medical Graduate
                                             Program
19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

4841-9666-4687.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## <u>DECLARATION OF ALALEH T. KHOSROWPOUR</u>

I, ALALEH T. KHOSROWPOUR, declare as follows:

1.     I am an attorney duly admitted to practice in this Court and all of the courts of the State of California and I am a Partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants, MICHELLE ANNE BHOLAT ("Dr. Bholat") and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("The Regents") herein.  The facts set forth herein are of my own personal knowledge, and if sworn, I could and would competently testify thereto.

2.     On or about July 18, 2018, I called Plaintiff HANNA RHEE ("Plaintiff") to discuss this matter and advised her that we do not have authority to accept service of the Summons and Complaint on behalf of Dr. Bholat or The Regents.

3.     On or about July 18, 2018, I also sent an email to Plaintiff regarding service of the Summons and Complaint. I informed Plaintiff that our office would look into whether we could accept service and/or sign for waiver of service of the Summons and Complaint on behalf of Dr. Bholat and The Regents, and that we would contact her if we could. Since that time, I have not had any further contact with Plaintiff.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

23

DECLARATION OF ALALEH T. KHOSROWPOUR IN SUPPORT OF MOTION OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-9666-4687.1

1    4.    Based on the proof of service filed by Plaintiff as to Dr. Bholat and The

2  Regents, I am informed and believe that Plaintiff also attempted to serve the

3  Summons and Complaint on Dr. Bholat and The Regents by mailing copies with

4  Notice & Acknowledgment of Receipt to 1111 Franklin Street, 8th Floor, Oakland,

5  CA 94607-5200, on or about August 17, 2018. Executed copies have not been

6  provided to Plaintiff for either Dr. Bholat or The Regents.

7    I declare under penalty of perjury under the laws of the United States of

8  America that the foregoing is true and correct and that this declaration was executed

9  on September 7, 2018, at Costa Mesa, California.

10

11

12

13                                          ALALEH T. KHOSROWPOUR

14

15

16

17

18

19

20

21

22

23

24

25

26

27

                                     24
28  DECLARATION OF ALALEH T. KHOSROWPOUR IN SUPPORT OF MOTION
    OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
    UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION
    4841-9666-4687.1

## DECLARATION OF JESSICA RODGERS

I, JESSICA RODGERS, declare as follows:

1.     I am a Legal Assistant with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants, MICHELLE ANNE BHOLAT ("Dr. Bholat") and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("The Regents") herein.  The facts set forth herein are of my own personal knowledge, and if sworn, I could and would competently testify thereto.

2.     On or about August 17, 2018, Plaintiff HANNA RHEE ("Plaintiff") sent a courier to our office to serve the Summons and Complaint on Dr. Bholat and The Regents at our office. I advised Plaintiff's process server that we do not have authority to accept service on behalf of Dr. Bholat or The Regents and that they would need to properly serve the Summons and Complaint on Dr. Bholat and The Regents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on September 7, 2018, at Costa Mesa, California.


JESSICA RODGERS

25

DECLARATION OF JESSICA RODGERS IN SUPPORT OF MOTION OF
DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

4841-9666-4687.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**DECLARATION OF ERICA KATSUYAMA**

I, ERICA KATSUYAMA, declare as follows:

1.     I am a Legal Assistant with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants, MICHELLE ANNE BHOLAT ("Dr. Bholat") and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("The Regents") herein.  The facts set forth herein are of my own personal knowledge, and if sworn, I could and would competently testify thereto.

2.     On or about August 24, 2018, Plaintiff HANNA RHEE ("Plaintiff") sent a courier to our office with copies of the Summons and Complaint. I informed Plaintiff's courier we are not authorized to accept service of the Summons and Complaint on behalf of Dr. Bholat or The Regents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on September $\sim$, 2018, at Costa Mesa, California.

_____
ERICA KATSUYAMA

26

DECLARATION OF ERICA KATSUYAMA IN SUPPORT OF MOTION OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

4841-9666-4687.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## DECLARATION OF GEOFFREY M. HERSCH

I, GEOFFREY M. HERSCH, declare as follows:

1.      I am an attorney duly admitted to practice in this Court and all of the courts of the State of California and I am an Associate with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants, MICHELLE ANNE BHOLAT ("Dr. Bholat") and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("The Regents") herein.  The facts set forth herein are of my own personal knowledge, and if sworn, I could and would competently testify thereto.

2.      On August 28, 2018, our office learned Plaintiff HANNA RHEE ("Plaintiff") filed proof of service of the Summons and Complaint as to Dr. Bholat and The Regents, reflecting service on August 17, 2018. I called Plaintiff the same date to meet and confer regarding deficiencies in her Complaint and insufficient service of process on Dr. Bholat and The Regents. Plaintiff has not returned our calls.

3.      On August 29, 2018, our office sent correspondence to Plaintiff in a further effort to meet and confer regarding deficiencies in the Complaint and insufficient service of process on Dr. Bholat and The Regents. A true and correct copy of our correspondence to Plaintiff is attached hereto as Exhibit "1."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on September 1, 2018, at Costa Mesa, California.

_____
GEOFFREY M. HERSCH

DECLARATION OF GEOFFREY M. HERSCH IN SUPPORT OF MOTION OF DEFENDANTS MICHELLE ANNE BHOLAT AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA TO DISMISS OR STAY ACTION

4841-9666-4687.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW