FILED
2018 SEP 24 AM 9:11
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

HANNA RHEE
220 West 6th St., Suite 400
San Pedro, CA 90731
Telephone 910 707 3660
Black.Patients.Matter@gmail.com

Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

HANNA RHEE,                           )  CASE NO. SAV 18-00975PA(JC)
    Plaintiff                         )
                                      )
        v.                            )
                                      )
MICHELLE ANNE BHOLAT, UCLA            )
SCHOOL OF MEDICINE FAMILY MEDICINE    )
INTERNATIONAL MEDICAL GRADUATE        )
PROGRAM, UC REGENTS,                  )
    Defendants                        )  PLAINTIFFS OPPOSITION TO
                                      )  DEFENDANTS' MOTIONS
                                      )  Date:  Oct 15, 2018
                                      )  Time:  1:30 pm
                                      )  Judge: Hon. Percy Anderson
                                      )  Filed: June 4, 2018

Your Honor Magistrate Judge Chooljian,

I respectfully object to the Defendants' Motion to Dismiss.

Defendant Bholat, through her employer UCLA Family Health IMG Program operated by UC Regents developed her racially biased skill set in discriminating against minority licensed workers. While acing under color of state law, Bholat abused her authority as a member of the Medical Board of CA (MBOC) by punishing licensed minority workers for "not acting white enough." California Business & Practice (B&PC) Division 2, Chapter 1, Article 12.5, S820 states:

"Whenever it appears that any person holding a license, certificate, or permit under this division

1  or under any initiative act referred to in this division may be unable to practice his or her
2  profession safely because the licentiate's ability to practice is impaired due to mental illness, or
3  physical illness affecting competency, the licensing agency may order the licentiate to be
4  examined by one or more physicians and surgeons or psychologists designated by the agency.
5  The report of the examiners shall be made available to the licentiate and may be received as
6  direct evidence in proceedings conducted pursuant to Section 822."
7  California B&PC Division 2, Chapter 5, Article 1, S2027(a)(3)(D) states:
8  "The board shall post on its Internet Web site the following information on the current status of
9  the license for all current and former licensees: Current accusations filed by the Attorney
10 General, including those accusations that are on appeal..."
11 As a trained, Board-certified faculty member physician in the UCLA Family Medicine
12 Department, Defendant Bholat knowingly avoided inquiring the race, ethnicity, and religious
13 beliefs of an individual undergoing a mental health evaluation when determining whether or not
14 the individual suffers from a mental illness. Bholat's act is inexplicably substandard and falls
15 well below the standard practice of always taking into account a person's race in evaluating "odd
16 behavior." Her subsequent signed order (Evidence 1) compelling a psychiatric
17 evaluation which later concluded NO mental illness still resulted in the information being used to
18 file an internet-posted Accusation describing Plaintiff as "odd" when in fact she was merely
19 acting as one does within her race and religious beliefs. In addiction, Bholat inexplicably
20 accepted and relief on a report from a medical expert who also never performed a face-to-face
21 evaluation of the Plaintiff. Her medial expert has absolutely no training nor experience in racial
22 nor religious diversity as evidenced by his very extensive resume. As previously stated, Bholat
23 knowingly failed to consider Plaintiff's race and religious beliefs before determining the context
24 of her "odd behavior" when ordering Plaintiff to undergo a forensic psychiatric examination
25 which subsequently concluded no mental illness.
26 Throughout her medical training, Dr. Bholat undoubtedly learned to integrate a patient's racial

2

identity in order to properly diagnose and treat a patient. Therefore, Bholat learned to label a non-white patient as "odd" from her present employed UC Regents which never hires black family medicine staff physicians despite being located in Los Angeles County because UC Regents do not like African-American students since it adamantly refuses to establish a Black endowment and mandatory cultural awareness training.

Bholat's racially-biased expert opinion resulted in the state's Accusation which was posted online that subsequently resulted in Plaintiff's loss of income. Defendant's argument of "pending state action" is null as the state action of posting publicly Accusations against minority workers in and of itself is punitive and leads to loss of work as occurred with the Plaintiff. Therefore, due to Bholat and her employer UC Regents racial and religious discrimination against Plaintiff while acting under color of state law, the Defendants violated her right to work and inflicted emotional suffering and distress.

## RESPONSE TO DEFENSES' ARGUMENTS

A. Re: Subject matter jurisdiction, Defendants immunity from suit

There exists exceptions to the sovereign immunity of a state. Firstly, the 11th Amendment does not stop a federal court from issuing an injunction against a state official who is violating federal law. Although the state official may be abiding by state law, he is not permitted to violate federal law, and a federal court can order him to stop the action with an injunction [Ex Parte Young 209 U.S. 123 (1908)]. Secondly, the 11th Amendment does not automatically protect political subdivisions of the state from liability. Moor v. Count of Alameda, 411 U.S. 693 (1973). The main factor is whether the damages would come out of the state treasury. Finally, the states surrendered a portion of the sovereign immunity that had been preserved for them by the Constitution when the 14th Amendment was adopted.

B. Re: Younger abstention

Plaintiff argues the Younger abstention does not apply to the present case. There are three exceptions to Younger abstention: Where the prosecution is in bad faith (i.e. the state knows the

person to be innocent); or Where the prosecution is part of some pattern of harassment against an individual; or Where the law being enforced is utterly and irredeemably unconstitutional.

The state's Accusation filed against Plaintiff was done in bad faith, as its case is based on a racist description of Plaintiff as being "odd" when in fact she was merely acting as one does within her racial and religious beliefs. In fact, the ISO was denied by the state court yet subsequently used their racist claim of Plaintiff acting "oddly" in their subsequent Accusation against Plaintiff's license to work. The state has a long, sordid history of targeting minority licensed workers. (https://www.huffingtonpost.com/earl-ofari-hutchinson/black-doctors-medical-racial-profiling_b_12454232.html) (https://www.eurweb.com/2016/10/black-doctors-blast-california-medical-board-for-racial-profiling/)

Defendants' argument stating abstention was warranted to preserve state interests is the same argument used in support of slavery. (http://www.ushistory.org/us/27f.asp) The state's interest is clearly to chain up the low-hanging fruit of non-white workers and not to protect patients as the number of complaints to the state have increased exponentially with no evidence showing the state has any interest in protecting patients as measured by patient complaints. Federal interference of the state's purpose in racially targeting non-white workers would upset the state's racist agenda.

C. Re: Forum shop

Plaintiff's intent was not to forum shop. Plaintiff will defer to the court's corrective action in this matter. Plaintiff would be agreeable to combining her federal lawsuit to Eastern Division, for example.

D. Re: Service of Process of Summons / Complaint

Plaintiff respectfully requests an opportunity to properly serve Defendants to court's satisfaction. Of note, the summons/complaint was readily accepted initially by the UC Regents themselves in Oakland, CA without incident which was then forwarded to KHOSROWPOUR et al when then declined multiple attempts at service for several weeks. Plaintiff has no interest in settling with Defendants who copyright failed arguments justifying slavery.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS

Respectfully submitted,

*[signature]* 09.24.2018

HANNA RHEE
Pro Se

# 5

*Evidence 1*

1  XAVIER BECERRA
   Attorney General of California
2  ALEXANDRA M. ALVAREZ
   Supervising Deputy Attorney General
3  MEGAN R. O'CARROLL
   Deputy Attorney General
4  State Bar No. 215479
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone: (916) 324-5288
     Facsimile: (916) 327-2247
7
8  *Attorneys for Complainant*

9

10                          BEFORE THE
                   MEDICAL BOARD OF CALIFORNIA
11              DEPARTMENT OF CONSUMER AFFAIRS
                      STATE OF CALIFORNIA
12

13

14 | In the Matter of the Petition for Mental     Case No. 800-2015-018187
   | Evaluation of:
15 |                                               ORDER COMPELLING MENTAL
   |                                               EXAMINATION
16 | Hanna Queen Rhee, M.D.,
   | 912 Hazel Street                             (Bus. & Prof. Code § 820)
17 | Gridley, California 95948-2114

18 | Physician's and Surgeon's Certificate No.
   | A 116932
19 |
20 |                              Respondent.

21

22      The Executive Director of the Medical Board of California ("Board"), having petitioned the

23  Board pursuant to Business and Professions Code section 820 for an Order to Compel Hanna

24  Queen Rhee, M.D. ("Respondent") who has Physician's and Surgeon's Certificate No. A 116932

25  to undergo a mental examination; and having read and considered the Petition to Compel the

26  Mental Examination of Hanna Queen Rhee, M.D. and all supporting documents, declarations and

27

28

                                          1

exhibits, it hereby appears to the Board that Respondent may be unable to practice medicine safely because her ability to practice is impaired due to mental illness affecting competency;

IT IS HEREBY ORDERED, pursuant to Business and Professions Code section 820, that:

1. Immediately upon service of this Board's Order, Respondent shall make herself available to submit to a mental examination, including psychological testing, by one or more physicians and surgeons and/or psychologists (collectively "the Examiners") appointed by the Board or its designee;

2. Immediately upon service of the Board's Order, to facilitate the providing of current, updated and complete medical records to the Examiners, Respondent shall sign and provide to the Board releases for complete, updated psychiatric records from all psychiatric providers seen for the preceding five years;

3. The Examiners shall receive all relevant documentation that the Board shall in its discretion provide, including, but not limited to certified copies of psychiatric records of Respondent, reports of investigation, attachments to reports of investigation, declarations of Board personnel and a current certificate of licensure;

4. The mental examination and testing shall be conducted at times convenient to Respondent and the Examiners, but not later than twenty (20) days from the date of the service of this Order (except at the request of one or more of the Examiners);

5. The Examiners shall be directed to determine whether Respondent is impaired due to a mental illness, which affects her competence to practice medicine safely;

6. The Examiners shall provide detailed written reports of the findings and conclusions of their examinations of Respondent;

7. The reports of the Examiners may be received as direct evidence in any administrative proceedings that may be filed as a result of the mental examination and testing; and

8. The failure of Respondent to comply with this Order shall constitute grounds for disciplinary action suspending or revoking his Physician's and Surgeon's Certificate pursuant to Business and Professions Code sections 821, 2220, and 2234.

IT IS SO ORDERED THIS 28th DAY OF July, 2017.

*[signature]*

FOR THE MEDICAL BOARD OF CALIFORNIA
DEPARTMENT OF CONSUMER AFFAIRS
Michelle Anne Bholat, M.D.
Chair, Panel B

SA2017304862
32932384.doc

3

Ex A - 012
ORDER (800-2015-018187)

FILED

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO:| FOR COURT USE ONLY |
|---|---|
| NAME: Hanna Rhee <br> FIRM NAME: Pro Se <br> STREET ADDRESS: 222 West 6th St., Suite 400 <br> CITY: San Leandro   STATE: CA   ZIP CODE: 90731 <br> TELEPHONE NO.: 910 707 3660   FAX NO.: <br> E-MAIL ADDRESS: Black.Patients.Matter@gmail.com <br> ATTORNEY FOR (name): Pro Se | 2018 SEP 24 AM 9:14 <br> CLERK U.S. DISTRICT COURT <br> CENTRAL DIST. OF CALIF. <br> LOS ANGELES <br> BY: |

| STREET ADDRESS: <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: <br> BRANCH NAME: | UNITED STATES DISTRICT COURT <br> CENTRAL DISTRICT OF CALIFORNIA |
|---|---|

| Plaintiff/Petitioner: Hanna Rhee <br> Defendant/Respondent: | CASE NUMBER: <br> SACV18-00975PA(JC) |
|---|---|
| **PROOF OF SERVICE—CIVIL** <br> Check method of service (only one): <br> ☐ By Personal Service  ☑ By Mail  ☐ By Overnight Delivery <br> ☐ By Messenger Service  ☐ By Fax | JUDICIAL OFFICER: <br><br> DEPARTMENT: |

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age and not a party to this action.
2. My residence or business address is:

3. ☐ The fax number from which I served the documents is (complete if service was by fax):

4. On (date): 09 24 2018    I served the following **documents** (specify):
   PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: MICHELLE ANNE BHOLAT, UCLA SCHOOL OF MEDICINE FAMILY MEDICINE INTERNATIONAL MEDICAL GRADUATE PROGRAM, UC REGENTS
   b. ☑ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served: LEWIS BRISBOIS BISGAARD SMITH INC
      650 TOWN CENTER DR, SUITE 1400
      COSTA MESA CA 92626
   c. ☐ *(Complete if service was by fax.)*
      Fax number where person was served:

   ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means (specify):
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use <br> Judicial Council of California <br> POS-040 [Rev. February 1, 2017]

**PROOF OF SERVICE—CIVIL**
(Proof of Service)

Code of Civil Procedure, §§ 1011, 1013, 1013a, 2015.5; Cal. Rules of Court, rule 2.306 <br> www.courts.ca.gov

POS-040

| CASE NAME: | CASE NUMBER: |
|---|---|
| RHEE vs. BHOLAT et al. | 8:18-CV-00975-PA-JC |

6. b. [✓] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

   (1) [ ] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) [✓] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)*:

c. [ ] **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. [ ] **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. [ ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____ ▶ X _____
(TYPE OR PRINT NAME OF DECLARANT)           (SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

[ ] **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

_____ ▶ _____
(NAME OF DECLARANT)           (SIGNATURE OF DECLARANT)

POS-040 [Rev. February 1, 2017]            **PROOF OF SERVICE—CIVIL**            Page 2 of 3
                                           (Proof of Service)